## RICHARD WARREN *versus* THE MANUFACTURERS INSURANCE COMPANY.

A non-compliance with the requisition of the statutes of the United States, that every vessel bound on a voyage across the Atlantic shall have on board, well secured *under* deck, a certain quantity of water, under forfeiture of a sum of money to the crew or passengers in case they shall be put on short allowance, does not *ipso facto* render the vessel unseaworthy or the voyage illegal, so as to avoid a policy of insurance.

ASSUMPSIT on a policy of insurance on profits of a cargo, valued, on a voyage from the port of Mansinella, in the island of Cuba, to Boston. Trial before *Shaw* C. J.

It appeared by the testimony of the master, that he sailed on the 19th of November, on his homeward voyage from Mansinella to Boston, with his water *on* deck and having no water secured *under* deck.

Upon this it was contended for the defendants, that inasmuch as by the laws of the United States, viz. the act of May 28, 1790, respecting seamen in foreign voyages, and the act of March 2, 1819, respecting passengers, all American vessels are required to have a certain quantity of water well secured under deck, a vessel which sails on a foreign voyage without any water under deck, is *ipso facto* unseaworthy.

It was further contended, that, independently of the law, in point of fact a vessel is not well and sufficiently equipped and provided for a voyage from the West Indies to a northern port in the United States, in the winter time, without a quantity of water secured under deck. Upon this point evidence was given to the jury of the opinion, judgment and experience of persons conversant with nautical affairs, tending to show that a vessel is safe and well equipped with her water carried and as well secured as it may be on deck, and that it is customary so to carry it in coasting and West India voyages, and that, therefore, a vessel thus equipped is in point of fact seaworthy ; and evidence of a like character was given on the other side, tending to show the contrary. This evidence was left to the jury.

For the purpose of presenting the question of fact to the jury, it was ruled, that, in point of law, a vessel which sails on a foreign voyage without any water under deck is not necessarily unseaworthy ; the question being reserved for the consideration of the whole Court.

If, in the opinion of the whole Court, the vessel, by reason of non-compliance with the provisions of the statutes of the United States, or by force of any established rule of law, was not seaworthy when she sailed on the voyage from Mansinella to the United States, the verdict, which was for the plaintiff, was to be set aside, and he was to become nonsuit ; otherwise judgment was to be rendered on the verdict.

*Sohier*, for the defendants, argued that the policy was not binding ; that the statute, in requiring the water to be secured under deck, was imperative ; that this provision was enacted not only for the humane purpose of protecting the seamen, but as a matter of public policy, to promote the

prosperity of the maritime interest; that the statute cannot stand, if contracts between individuals may control it; that if the policy had expressly stipulated that the water should be placed on deck, the contract could not have been enforced, and if so, still less can it be enforced where there was no agreement to violate the law and one party claims an observance of the law; 1 Peters's Adm. Rep. 213, note; Abbott (4th Amer. edit.) 434, note 2; *Harden* v. *Gordon,* 2 Mason, 559; that the fact of a conditional penalty being given to the seamen, has no bearing on this case; that it was not competent for the jury to find that one of the requisitions of the statute was unnecessary; *Coleman* v. *Brig Harriet,* Bee's Rep. 80; *Law* v. *Hollingsworth,* 7 T. R. 160; *Farmer* v. *Legg,* ibid. 186; that contracts of this nature impose on the assured the duty not only to have a competent crew and a suitable supply of provisions, but also to have the ship navigated according to law; and that it was immaterial whether the risk was or was not increased by the plaintiffs' neglect, it was a sufficient defence to the action that they had not complied with their contract. *Woolf* v. *Claggett,* 3 Esp. Rep. 257.

*Fletcher* and *Bartlett,* for the plaintiffs, said that according to the principle on which the defendants rely, a non-compliance in the least particular with any of the statutes regulating navigation, would avoid a policy of insurance; (see U. S. statutes of 1790, c. 56, [29,] § 1, 8; 1813, c. 184; 1792, c. 45, [1];) that the statute now in question applies only to a ship sailing from a domestic port; U. S. statutes of 1790, c. 56, [29] § 8, 9; and 1819, c. 170; that there was no implied warranty in this policy, that the water should be secured under deck, for this does not affect the risk, and although the master or owner, in case the crew should be put on short allowance, might be exposed to a penalty, if the water were not so secured, or more properly speaking, might be compelled to make a compensation to the crew, yet the voyage was not thereby rendered illegal, or the ship unseaworthy; Hughes on Ins. 273; *Atkinson* v. *Abbott,* 11 East, 135; *Law* v. *Hollingsworth,* 7 T. R. 160; 1 Phillips on Ins. 119, 124; and that the plaintiffs, as they were not owners of the ship

and the insurance was only upon the profits of the cargo, were not responsible for the manner in which the ship's supplies were secured.  Hughes on Ins. 274.

*Sohier*, in reply, said that the omission to put the water under deck does affect the risk; and that the words in the statute, " bound on a voyage across the Atlantic ocean," are broad enough to embrace return voyages to the United States, as well as voyages from a domestic port, and that the reason for the provision in question was equally strong in both cases. *Gardner* v. *The Ship New Jersey*, 1 Peters's Adm. Rep. 223 ; Abbott (4th Amer. edit.) 135, note.

WILDE J. delivered the opinion of the Court.  By the United States statute of 1790, c. 56, [29,] § 9, it is enacted that every ship or vessel, bound on a voyage across the Atlantic ocean, shall, at the time of leaving the last port from whence she sails, have on board, well secured under deck, at least sixty gallons of water &c. for every person on board such ship &c., and in like proportion for shorter or longer voyages ; and in case the crew of any ship or vessel, which shall not have been so provided, shall be put on short allowance in water &c., the master or owner of such ship or vessel shall pay to each of the crew one day's wages beyond the wages agreed on, for every day they shall be so put to short allowance.

The defendant's counsel contend that the non-compliance with this requisition of the statute rendered the voyage illegal, and consequently that the policy is void.  They rely on the general principle, that a contract founded on an illegal consideration, or which is made for the purpose of furthering any matter or thing prohibited by statute, or to aid or assist any party therein, is void as being against the policy of the law.  This general principle is well established, but like all general rules, it is not without exceptions ; and the present case, we think, falls within one of the exceptions to the general rule.  The rule applies to every contract which is founded on a transaction *malum in se*, or which is prohibited by statute on the ground of public policy ; but where a contract is founded on a transaction which is prohibited for the benefit of a particular individual or individuals, and has no

44 *

Warren
v.
Manufactur-
ers' Ins. Co. influence on the public welfare, such contract is not absolutely void, but only voidable by the party for whose benefit the prohibition is introduced. So where an act is enjoined under a penalty, and a contract is remotely and incidentally connected with the omission to do and perform the act enjoined, the contract is not necessarily void. *Atkinson* v. *Abbott*, 11 East, 135 ; *Johnson* v. *Hudson*, ibid. 180 ; Hughes, 273 ; *Law* v. *Hollingsworth*, 7 T. R. 160 ; *Dawson* v. *Atty*, 7 East, 367 ; *Bell* v. *Carstairs*, 14 East, 374 ; *Carruthers* v. *Gray*, 15 East, 35 ; *Ward* v. *Wood*, 13 Mass. R. 539 ; *Mitchell* v. *Smith*, 4 Yeates, 86 ; *Gremare* v. *Valon*, 2 Campb. 144.

The case of *Atkinson* v. *Abbott*, 11 East, 135, was a case on a policy of insurance, and it was contended for the defendant, that the policy was void because a false clearance had been taken out contrary to the 13 *Car.* 2, *c.* 11. But it was decided that this did not avoid the policy. Lord *Ellenborough* remarks, that " there is nothing illegal, so as to avoid a policy, in the mere circumstance of a ship taking out a clearance for a place named in the policy, to which there is no intention of going. The statute of *Car.* 2, only gives a penalty of £100, for taking out a false clearance ; but there is nothing in that to make the voyage illegal.

In *Ward* v. *Wood*, 13 Mass. R. 539, the insurance was upon an armed ship, with liberty to cruise and capture the vessels and goods of the enemy. One of the grounds of defence was, that the master, in pursuance of instructions from the owners, had broken open vessels captured, and taken out part of their cargoes before condemnation ; but the Court held, that although such a practice was censurable, and against the directions of a statute of the United States, the policy was not thereby rendered void ; that the statute was merely directory, obedience to the law being enforced by bonds and penalties, and that disobedience did not make the voyage illegal.

Upon the authority of those cases, and upon principle, we think it very clear, in the present case, that the voyage was not illegal by reason of the non-compliance with the statute, nor the vessel unseaworthy on this account. The

statute was made for the benefit of the crew ; and was after-
wards extended to passengers by *Stat.* 1819, *c.* 170.   Both
statutes are merely directory, and amount to no more than this,
that the master and owner shall be liable to a penalty, if the
crew or passengers shall be put on short allowance, provided
the vessel shall not have been supplied with water &c., in
compliance with the directions of the statutes.

    The question, whether independently of the statutes the
vessel was not, in point of fact, sufficiently equipped and
provided with water for the voyage, has been decided by the
jury on the evidence, and no objection is made to the cor-
rectness of their decision in this respect.

*Judgment according to the verdict.*